recording in progress here first from miss petty thank you judge dennis and may it please as used in fee shifting statutes the phrase prevailing party is a legal term of art in a case like this that proceeded to final judgment the court determines whether the plaintiffs meet the definition of that term by looking to the judgment itself not whether colloquially speaking plaintiffs got what they wanted when they started the lawsuit in this instance because the plaintiff's claims were dismissed on the merits they are not entitled to attorney's fees now i know that's a bit counterintuitive given the plaintiff's initial success in showing that sb 14 as it was passed in 2011 violated the disparate impact analysis under section 2 but in fact it is a straightforward application of the supreme court's decision in 2001 in buchanan which held that voluntary ameliorative action by the state does not convey prevailing party status even if it accomplished this result as if it had been litigated on the merits and they reached that conclusion by rejecting many of the same policy arguments that plaintiffs raised here as can be seen in justice ginsburg's dissent instead they followed the plain language of the phrase prevailing party as it had been used in dozens of fee shifting statutes over a period of decades which every time attached that form of relief as incident to a legal judgment or consent decree here because plaintiffs got to take nothing judgment they take nothing in terms of attorney's fees now the plaintiffs try to get around that by pointing to three clear just to be clear the 2016 interim plan was not voluntary was it the 2016 interim plan was an agreed plan it was entered by the court but as the a number of courts entered by the court you lost in the fifth circuit at the en banc phase yes your honor however the fifth circuit uh they you would have wanted sp14 to take effect and the courts through the whole process said no uh specifically with respect to the 2016 election cycle why isn't that i guess what i'm wondering is why isn't that uh sufficient under the buckhannon three-part test because your honor this court vacated the judicial remedies that were attached and as the supreme court recognized in 1987 and hewitt against hewitt against helms a statement of law by a intermediate court of appeals is not a form of judicial relief that attaches with um the necessary necessary since this since this court vacated the actual remedy that was approached the 2016 judgment was by itself not a declaratory judgment and insufficient to convey prevailing party status but what what okay so you're saying that that the interim order doesn't satisfy the uh the three-part buckhannon test what part does it not satisfy because it strikes me that it's judicially sanctioned it materially changes the legal relationship and it and it changed the election rules in exactly the way that the plaintiffs want it or maybe not exactly but it changed the plaintiffs it's right it changed the voting rules uh contrary to what the state had wanted for 2016 yes your honor but in 2007 the supreme court refined that test in soul against weiner and said that and i'm looking at page 77 of that opinion where an interim relief such as this was and i'm quoting here reversed dissolved or otherwise undone before the final judgment okay so to be clear then your argument is not that the three-part test of buckhannon isn't satisfied it's that what buckhannon may give uh the plaintiffs some other case takes away is that sort of your theory yes your honor in the sense that the interim relief that they cannot rely on the interim relief because it was vacated prior to the final judgment which in buckingham was also a similar situation where in that case the plaintiffs in that case also had a form of interim relief that was vacated before the final judgment and at because west virginia had changed their fire code and because it had been vacated it was no longer effective in buckingham as well but more more on point is the sole decision in 2007 as well as this decision in dearmore in 2008 and that that case refined what the second element of buckingham which is a material change in the relationship between the parties in the instance where an interim relief is no longer effective and there the court looks to whether there was a preliminary injunction whether it was on the merits and whether it was mooted out by the defendants prior to final judgment and here because the case was the interim relief was agreed and simply reflected in an interim order as opposed to directly ordered there's a bit of a question under doe against nixon in the eighth circuit whether that counts as a preliminary injunction but we're not actually challenging that here we're challenging that third element which as this court recognized in hornbeck offshore is a crucial element to the dearmore test namely whether the the relief caused the defendants to moot out the case and that has been extensively litigated in this case most recently in 2018 where the plaintiffs challenged that the case had been mooted because they didn't get the full relief that they wanted specifically they were trying to establish that texas was bailed in under section 3 and this court held that that was inappropriate and sent it back down for entry of a judgment in the defendant's favor at the time that judgment was entered there had been no interim relief in effect for nearly a year and under soul against weiner that means that the interim relief does not standing alone serve as as something that conveys prevailing party status so we've talked about two different forms of the relief or the interim actions that the plaintiffs point to and there's i want to make sure i cover the third and that third is the 2018 decision itself which the plaintiffs maintain creates the necessary judicial imprimatur because it effectively endorsed the sb5 as a remedy for this case that is also incorrect for a number of the reasons we've discussed in particular back to that that decision in hewitt bailey helms that a statement by this court standing alone is not a declaratory judgment or a consent decree or any other form of judicial relief and therefore cannot convey primarily party status now plaintiffs insist that that is different because this is a voting case but the only extent to which a voting case is different is in the world of pre-clearance and where there is in fact a judicial requirement for a piece of legislation to go into effect that a judge approve it but that that world is different after shelby county in 2013 that's been stripped out as unconstitutional so we're back to the general rule that a legislature is presumed to act in good faith and to and as it can only be overcome by the plaintiffs in that instance where pre-clearance is not in effect this court has applied the same test even in voting cases and i'm looking headway itself where which announced this court's view of buchanan was a voting case as was luak against texas democratic party in 2011 and davis against abbott i believe in 2015 so whether this is a voting case or not there has to be at the end of this litigation either a judgment in the plaintiff's favor which does not exist or a form of interim relief that has not been once again reversed dissolved or otherwise undone that also doesn't not exist because can you really undo interim relief though in this situation because the interim relief affected the 2016 election right it governed how the 2016 election uh was administered and you know it may have been undone judicially after the election but frankly what's what's there left undue the election had taken place for all intents and purposes there was we can't undo the 2016 election but i would point you to the facts of soul as well which involved a request for initially for permission to perform a performance art shall we say involving a nude peace sign on a beach that peace sign went into effect the person they plaintiff was allowed to do what they wanted and and then it was undone afterwards they couldn't unring the bell in that opinion by justice ginsburg the very dissenter in buckingham said that it was not sufficient to convey prevailing party status and the same applies here because that the effect the relief had been dissolved before final judgment we did we we are back in the buckingham world that does that final judgment is it in favor of the plaintiffs or the defendants here that final judgment is in favor of the defendants and so the plaintiffs are not prevailing parties in the district court aired by ordering attorney's fees so unfortunately soul has sort of that same temporal aspect to it they got relief to to engage in their expression at that moment it was taken away later but the expression had already taken place yes your honor and there have been a number of similar cases both in the supreme court and in the courts of appeals where there is a temporary change in the legal relationship and that has some effect while it's in effect but if it's dissolved before final judgment under buckingham it's not considered to in the second element materially affect the legal relationship so if there are no if there are no further questions we respectfully request that you reverse mr rosenberg thank you your honor and may it please the court as for rosenberg on behalf of the texas state conference of n-double-a-c-p branches and the mexican-american legislative caucus and advocating on behalf of all the private plaintiffs in this case to begin with your honor we are under any reading of the law prevailing parties in this case we obtained a merits determination of section 2 results violation after a nine-day trial that was affirmed on appeal on bonk by this court and that merits determination was not disturbed on appeal that's crucial because council for the for defendants has been relying on the sole versus weiner case which is an extraordinarily different case there the reason that it wasn't a matter of the preliminary injunction simply being dissolved what happened there is that the preliminary injunction was issued on virtually day one of the case and then after a year of discovery and then a trial the plaintiffs lost on the merits of the trial we never lost on the merits of the section two results violation in fact the section two results determination has been left completely undisturbed not only through the end of the case but was the basis for this court's 2018 decision that found that sb5 was an adequate remedy for the section 2 violation without that is your take on soul is it's sort of like an almost like an administrative stay it wasn't really a it was relief in a sense but it was very non-substantive as contrasted to this case absolutely judge however matter of fact there are two bases one that it was on day one it was an abbreviated hearing and virtually like a pro or administrative stay exactly and that's the problem with the pi cases of preliminary injunction cases frankly they're very different than our case our case was based on an interim remedial order that was issued at the directive of this court on bond based upon a conclusive merits determination not probability of success on the merits not an abbreviated hearing in support of uh whether or not the status quo should be preserved or not very very different from preliminary injunction matter of fact much much stronger than any any preliminary injunction situation and again the salt people lost on the merits we did not lose on the merits in contrast what counsel said there is absolutely nothing in the final judgment of this case or anything along the way to the final judgment of this case that indicates we lost on the merits in fact in the contrary the 2018 decision of this court was that we had won on merits and that's why this court had to exercise its jurisdiction deny defendant's um argument reject defendant's argument that the case was moot because it had to exercise its jurisdiction to see whether the adequate the remedy uh that was proposed via sb5 was adequate completely different circumstance we meet the standard in pediway this fifth circuit standard that we left the courthouse the southern district courthouse having obtained judicial relief in two significant ways that materially altered the legal relationships between plaintiffs and defendants in a way that immediately benefited the plaintiffs and that's all we have to prove and the two ways of course are first and foremost the interim remedial order which was issued at the directive of this court on bonk because defendants lost their appeal on the issue of whether or not there was a section two results violation this was not as counsel just said a voluntary act by the state the state negotiated the terms of the interim remedial order with the gun pointed to their head of a final of a decision on liability on bonk on section two results and to characterize that as as as voluntary really it's an illusion or a delusion it simply was you can lose on liability and then negotiate over the remedy of course your honor and that happens very very often and that was a complete loss and it was a complete loss that remained up to and through the final disposition of this case and the interim remedial order in and of itself standing alone is enough to provide prevailing party status and and i know just in passing uh even though and and defendants have not challenged the reasonableness of the field ward but virtually the entire field ward that we sought and that was granted was for time spent up to and through the issuance of the interim intermedial order and the enforcement proceedings to ensure compliance with it so the discussion should really end there your honor but of course we have more and the more that we have is in the context of of the judicial imprimatur given by this court in its 2018 decision that approved sb5 as the permanent remedy in this case for any violation of section two of the of the voting rights act be it discriminatory results or discriminatory intent which had been found by by the district court and it also has been had left undisturbed because the panel decided not to review that issue because they felt that the remedy was sufficient under either prong and there what is essential to the to the courts reaching whether or not sp5 was an adequate remedy was the fact that there had to have been a violation for which there was a remedy because this court does not issue opinions in the abstract they would the court would not have exercised this jurisdiction to see whether or not sp5 was an adequate remedy without there being an underpinning of a of a merits determination that there had been a violation so that also although we don't really need it because the interim remedial order gives us enough is a separate basis and taken together i think is is again the discussion should end there but then defendants start to really create standards that don't exist and exceptions that don't exist to these standards there is no standard that there has to be a final enforceable judgment that tells defendants what to do but canon does not say that matter of fact there was no no order in the canon requiring the defendants to do anything what they did was completely voluntary what and the the no no court has construed the canon is doing that and in fact dearmore says quite specifically that the canon does not require a final judgment and in fact a preliminary injunction can be the judicial relief for purposes of attorney's fees there does not have to be a final judgment and there's just no way around that that is precisely what dearmore says and here of course we have more than a preliminary injunction we have a a decision that was on the merits not simply probability of success on the merits furthermore uh defendants then argue that well you have to have mootness uh that that is the reason why plaintiffs don't get a final judgment in their in their favor but that is only true in the context if at all of a preliminary injunction case and this is not a preliminary injunction case and the reason there may be those kinds of protections are as your honor judge ho indicated preliminary injunctions are somewhat different they might be done kind of almost like administrative hearings they they might be done in a very abbreviated form or simply to preserve the that there was no indication that the merits uh had been undermined by the by the final judgment but in fact we have here the functional equivalent of of mootness as as the court stated in in the 2018 opinion in voting rights cases under section 2 the the well i should say that first had this been a voting rights case the court indicated that the enactment of of sb5 may in fact have mooted out the case but because it was a voting rights case this court had the obligation to exercise its jurisdiction to see whether or not sb5 was an appropriate remedy and to to hold would would really uh undercut the whole purpose of of this circuit's policy in deferring to the legislature when there is a finding of an sb5 violation ultimately what what defendants are are posturing is a situation that a plaintiff is better off it has a better claim to be a prevailing party if it has gotten only a preliminary injunction rather than the decision on the merits and its case has been mooted rather than the court adjudicating uh whether or not it has gotten a an adequate remedy and that makes absolutely no sense and then finally uh your honor uh council raised the catalyst theory and talked in terms of the fact that um well first of they can't possibly explain how the catalyst theory applies to the interim remedial order or for that matter to sb5 because they've repeatedly told this court and the district court that sb5 was enacted in direct response and in order to cure the deficiencies found by this court en banc as his section 2 violation so instead what they do is they look at our brief and they oh wow you quoted justice Ginsburg uh several times from her dissent in Buchanan and you must because you're quoting from the dissent you must be embracing the dissent rather than the majority opinion even though the quotes they use have nothing to do with the issue of whether or not there is a catalyst and I'll highlight just one in closing because they they say that um we quoted justice Ginsburg as saying that successful civil rights attorneys act as private attorney generals and justice Ginsburg did say that but so did justice o'connor writing for the unanimous court in the seminal case of texas state teachers where after noting that petitioners there had partial success in the case but that had altered defendant's policies she said petitioners have thus served the private attorney general role which congress meant to promote in enacting section 1988 they prevailed on a significant issue in the litigation and have obtained some of the relief they sought and thus are prevailing parties within the meaning of section 1988 private plaintiffs here have achieved no less of victory than those petitioners and the prevailing party status is based upon the interim remedial order or sp5 or both the outcome is set is the same and for all of these reasons we respectfully request that this court affirm the district court's award of attorneys fees and costs but i'm happy to answer any further questions your honor enough questions you have five minutes on the record thank you your honor just a couple of quick points first to respond to the discussion that opposing counsel had with judge ho about whether this was an administrative stay versus a decision on the merits we've never disputed that it was a decision on the merits but that is only one element of the dear mort test and the third element is whether or not that the interim relief caused the defendant to move the case and counsel says that it was that that is not a necessary element but horn horn back offshore against salazar in 2013 held precisely the opposite and this court is bound by that decision the second that the merits decision what does it make any sense though to say that only if the preliminary junction is mooted that that you'd have status i mean i'm not i'm not saying it's fair particularly i apologize that element makes sense when you don't get relief in any sort of permanent lasting way and all you have to rely on is a preliminary injunction so that essentially then you have to make sure that the reason you ultimately lost is only because it was mooted uh but but you actually sort of would have won uh due to preliminary injunction here you've got this interim order that as we've discussed has a sort of a permanent vibe to it doesn't it i mean the 2016 election was dramatically altered due to litigation it certainly wasn't you all would not have done what happened in the 2016 election without the litigation and it was ordered and it was ordered by the court so it wasn't catalyst we didn't we did not would not have we would have enforced sb 14 but for the interim relief order whether that was a significant change in 2016 or not is not something that i can speak to but that was exactly the same issue in soul and soul said that if it's reserved reversed dissolved or otherwise undone not necessarily reversed on the merits and i would also point out that this create we were talking about some incentives earlier and i think the best way to why this is the mootness element is important is also to look what happens with this particular the final relief we were never able to seek supreme court review of that decision about the our liability under section two first because this court had vacated any remedial order and then at the end at final judgment the judgment was in our favor and so that's why the mootness element is important is because there's no real way to make sure that it would finally have prevailed but the defendants in that instance had prevented their own their own ability to appeal but just to be clear when you say the later rulings were in your favor i mean there this was obviously a multi-faceted multi-stage case both sides won different things at different points at the end of the day though plaintiffs did shift the uh the law uh that that as a result caused you know both a court order yet as well as subsequent legislation uh to be different from the original vision of the legislature right i mean that's that's hard to dispute it is not that is not disputed however that was precisely the situation in buchanan and once and we agree with the proposing counsel when he said that what i that there was except to hear it was court order so there was a court order saying that as sb as sb 14 was originally passed it violated section 2 but there was no court order at the time that sb 5 was passed and looking to the language in buchanan which we which we agree was completely voluntary as opposing counsel suggested but the plaintiff in buchanan was held not to be a attorney's fees for a non-judicial alteration of actual circumstances that is what happened here and so as a result under buchanan we are the prevailing party now we have the plaintiff closed with some discussion about how it doesn't make any sense for it to be for plaintiffs to be better off to have mooted the for the case to have been mooted that takes a very sort of narrow view of better versus worse off because they're better off in the sense that they have attorney's fees but in this particular in looking to this particular instance the reason why the plaintiffs resisted the notion that it was moot was because what they wanted was to bail texas in and i can point you on that one to page 39 136 of the record where they make that specific request if they had been mooted they would have lost that request they would have also lost the ability to cite this court's earlier decision under munsing wear that was important enough for plaintiffs to to gamble with their attorney's fees and it turned out to be an unfavorable gamble because this court held that additional relief beyond the voluntary relief from sv5 was inappropriate on the merits so i accept i accept that understanding of the plaintiff strategy what's not clear to me is why that causes the attorney's fees to be gambled away because under soul they found the um that there is the requirement that that interim fee still be in place and as a and i'm also pointing towards some additional language from buchanan where the court wanted to avoid two things one to avoid a situation that discourages voluntary ameliorative action and two where the court turns in turns the attorney's fees litigation into a another major litigation about the in the subjective intent of the legislature and to adopt the plaintiffs in theory in this case would do precisely that and for the reason this those reasons and the ones we discussed in our brief this court should reverse that uh does that conclude your remarks let's put it you don't understand that well if that is true then this case is recording stopped this case is submitted and we will proceed to the next case for the day